889 F.2d 1099
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Victor H. VAN SANT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3163.
 United States Court of Appeals, Federal Circuit.
 Oct. 6, 1989.
Suggestion for Rehearing In Banc Declined Nov. 17, 1989.
 
 Before FRIEDMAN, BISSELL and MAYER, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The petition for review of the Decision of the Merit Systems Protection Board (Board) in case no. DC34438810242 is dismissed for lack of jurisdiction.
 
 OPINION
 
 2
 * This case stems from the termination on October 12, 1971, of the petitioner's employment as an architect with the Post Office Department in a reduction in force upon the conversion of the Department to the United States Postal Service. In 1973, the Civil Service Commission upheld the termination. Extensive court litigation followed in the United States District Court for the Eastern District of Virginia and the Court of Appeals for the Fourth Circuit, in which the case was twice remanded to the Board. See Van Sant v. United States Postal Service, Docket No. DC34438810242, slip op. at 4-6 (MSPB Jan. 9, 1989).
 
 
 3
 In a lengthy opinion in October 1984, the district court upheld the termination, but ruled that its effective date should have been December 7, 1971, rather than October 12, 1971. Van Sant v. United States Postal Service, Civ.A. No. 81-417-A, slip op. (E.D.Va. Oct. 24, 1984). The Fourth Circuit affirmed, holding that there was "no merit in Van Sant's contention that he is entitled to reinstatement and back pay to the date of reinstatement." Van Sant v. United States Postal Service, Appeal No. 84-2387(L), slip op. at 5 (4th Cir. Aug. 29, 1985), cert. denied, 475 U.S. 1082 (1986). The Postal Service then offered the petitioner backpay from October 13, 1971 to January 22, 1972, of $5,600 and the $5,000 attorney fees that the court of appeals previously had awarded him.
 
 
 4
 After rejecting the offer, the petitioner appealed to the Board, challenging both his separation and the Postal Service's alleged improper implementation of the district court's October 24 decision by offering him only $5,600.
 
 
 5
 The Board dismissed the appeal. It stated: "He is requesting the Board to order his reinstatement with back pay, notwithstanding the court's order to the contrary. This we cannot do. The Board has no authority to set aside an order of an Article [III] court." Van Sant v. United States Postal Service, Docket No. DC34438810242, slip op. at 6 (MSPB Jan. 9, 1989). The Board further stated:
 
 
 6
 In any event, the broader principle that the Board does not retain jurisdiction to decide a matter which has been judicially adjudicated is applicable here. See Dick v. Office of Personnel Management, 20 M.S.P.R. 566, 568 (1984). Matters resolved by a final decision in a prior appeal are res judicata and are not properly before the Board in subsequent appeals.
 
 
 7
 Id. at 6-7.
 
 II
 
 8
 The Postal Service has moved to transfer the appeal to the United States District Court for the Eastern District of Virginia. It argues that because the "petitioner's claims involve matters that predate the 1978 Civil Service Reform Act," that court and not this court is the "proper forum for any appeal" of the Board's order dismissing the petitioner's appeal. We agree with the Postal Service that the case is not properly before us, but conclude that we should not transfer it to the district court. We therefore dismiss the appeal.
 
 
 9
 A. The Savings Clause of the Civil Service Reform Act of 1978 (Reform Act), provided that:
 
 
 10
 No provision of this Act shall affect any administrative proceedings pending at the time such provisions take effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.
 
 
 11
 Pub.L. No. 95-454, Sec. 902(b), 92 Stat. 1224, 5 U.S.C. Sec. 1101 n. (1988).
 
 
 12
 The provisions of the Reform Act that gave the Court of Claims and the courts of appeals jurisdiction to review Board orders became final 90 days after the enactment of the Reform Act on October 3, 1978, which was January 11, 1979. Sec. 907, 92 Stat. 1227. Under the Federal Courts Improvement Act of 1982, this court succeeded to the jurisdiction that the Court of Claims and the courts of appeals were given under the Reform Act. 28 U.S.C. Sec. 1295(a)(9) (1982).
 
 
 13
 The determination whether we have jurisdiction over this appeal thus turns on whether the petitioner had any administrative proceedings "pending" on the date of the Reform Act. If he did, the Act does not apply to this case, and any appeal should have been taken "as if this Act had not been enacted," i.e., to the district court.
 
 
 14
 On January 11, 1979, the effective date of the Reform Act, the petitioner's case was on appeal from the Board to the Fourth Circuit. A case is considered "pending" under the Savings Clause if it was "under judicial review" on January 11, 1979. 5 C.F.R. Sec. 1201.191(b) (1989). Cf. Wilson v. Turnage, 791 F.2d 151, 155-56 (Fed.Cir.1986).
 
 
 15
 The petitioner, however, argues that when the district court determined in October 1984 that the effective date of his termination should have been December 7, 1971 rather than October 12, 1971, the court on that date effected a second separation of the petitioner, retroactive to 1971, and that we have jurisdiction to review that 1984 action. This argument rests upon a misinterpretation of the district court's 1984 decision. The district court there sustained the termination, but ruled that its date should have been December 7, 1971, rather than the earlier date the Postal Service had used. The district court did not thereby effect a new termination but merely modified the date of the original termination, which it upheld.
 
 
 16
 B. Under 28 U.S.C. Sec. 1631 (1982), if we find that we have no jurisdiction over an appeal, we are to transfer the appeal to a court in which the appeal "could have been brought at the time it was filed" "if it is in the interest of justice" to make the transfer. All of the arguments on the merits that the petitioner makes were fully considered and rejected by the United States District Court for the Eastern District of Virginia and the Court of Appeals for the Fourth Circuit in the several prior cases. There is no reason to think that those courts either (1) would disagree with the Board's conclusion that the issues the petitioner raises now have been fully determined by those decisions or (2) would reexamine and reverse their prior rulings. In these circumstances, it would not be "in the interest of justice" to transfer this appeal to the district court.